UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI-ANNE ALBANO, MYJORIE PHILIPPE, REBECCA TELARO, and ALYSSA ROSE, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br>HAIN CELESTIAL GROUP, INC., BEECH-NUT NUTRITION COMPANY, GERBER PRODUCTS COMPANY, and NURTURE, INC.,<br><br>           Defendants. | Case No. 2:21-cv-01118 JMA-AKT |

**ALBANO PLAINTIFFS' OBJECTIONS TO STEWART PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES (ECF NO. 2)**

On March 3, 2021, Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose ("Albano Plaintiffs") filed a proposed class action in this District against Defendants Hain Celestial Group, Inc., Beech-Nut Nutrition Company, Gerber Products Company, and Nurture, Inc., arising out of a February 4, 2021 congressional report identifying Defendants as companies selling baby foods containing harmful toxic heavy metals.

The Stewart Plaintiffs, *Stewart v Hain Celestial Group, Inc.,* Case No. 2:21-cv-00678, did not serve Albano Plaintiffs with the motion for consolidation (ECF No. 2). As interested parties, Albano Plaintiffs file the below objections to the requested relief, which includes consolidation, agreeing to sever out certain defendants, and establishing a date to file for interim lead counsel.

Albano Plaintiffs object to the motion for consolidation on the grounds it is premature and will likely result in judicial resources as the cases the Stewart Plaintiffs seek to consolidate are the subject of a motion to transfer pursuant to 28 U.S.C. § 1407(a) filed with the Judicial Panel on Multidistrict

1

Litigation ("JPML"). Albano Plaintiffs filed the motion to transfer approximately 43 actions pending in 12 districts, including the *Stewart* and *Albano* actions, to the Eastern District of New York for coordinated proceedings. The JPML will likely hear the motion in May 2021.

Pursuant to 28 U.S.C. §1407, the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). However, "[a] conditional transfer order before the JPML does not affect or suspend pretrial proceedings of any pending federal district court or limit the pretrial jurisdiction of that court.'" *See, e.g., Dean v. Colgate-Palmolive Co.*, 2016 WL 7647687, at *2 (C.D. Cal. Aug. 18, 2016) (citing J.P.M.L. R. 2.1(d)). Courts, however, have the inherent power of the courts to control the disposition of the cases on their dockets in an efficient and timely manner, including the authority to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

The JPML has previously coordinated cases, such as those here, involving multiple and separate defendants headquartered in different jurisdictions pursuant to 28 U.S.C. § 1407(a) for pretrial proceedings. *See, e.g., In Re: ZF-TRW Control Units Products Liability Litigation*, 410 F. Supp. 3d 1357 (J.P.M.L. Aug. 7, 2019) (coordinating 12 actions pending in five districts against Honda, Hyundai, Toyota, Mitsubishi, Kia, and FCA arising out of allegedly defective airbag component installed in the defendants' vehicles for pretrial proceedings in C.D. Cal.); *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016) (coordinating 13 actions pending in eight districts against Kraft, Wal-Mart, and Target arising out of allegations that that the labeling and marketing of certain parmesan cheese products as "100%" grated parmesan cheese was false and misleading because the products allegedly contain filler for pretrial proceedings in the N.D. Ill.); *In re Walgreens Herbal Supplements Marketing and Sales Practices Litigation*, 109 F. Supp. 3d 1373, 1375-76 (J.P.M.L. June 9, 2015) (coordinating 35 actions pending in over seven districts against Walgreens, GNC, Target and Wal-Mart arising out of allegations that herbal supplements did not contain the herbs advertised on the product labels for pretrial proceedings in the N.D. Ill.). Here, the JPML is likely to grant Albano Plaintiffs' motion pursuant to 28 U.S.C. § 1407(a). Moreover, motions to sever out on misjoinder grounds other defendants may be wasteful, if this Court, or another judge this District is

selected as the MDL judge. There is no reason to rush to consolidate, dismiss, or select interim lead counsel.[1]

While a court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings" when a party moves to transfer a case to an MDL panel, courts typically issue a stay pending a decision by the MDL Panel regarding whether to transfer a case. *See, e.g., Parish of Jefferson v. Exxon Mobil Corp.,* 2018 WL 2873805, at *4 (E.D. La. June 11, 2018); *Ritchie Capital Management, LLC v. General Elec. Capital Corp.,* 87 F. Supp. 3d 463, (S.D.N.Y. 2015) ("It is common for the courts to stay an action pending a transfer decision by the MDL"); *Pierre v. Prospect Mortg., LLC*, No. 13 Civ. 453(NAM)(RFT), 2013 WL 5876151, at *2 (N.D.N.Y. Oct. 31, 2013) ("In fact, it is rather common for courts to stay cases pending a motion for MDL"); *Flores v. Ethicon Inc.*, 2014 WL 12601023, at *4 (C.D. Cal. Jul. 2, 2014) (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *Schering Corp. v. Caraco Pharmaceutical Laboratories, Ltd., et al.,* 2007 WL 1648908, at *3 (E.D. Mich. June 6, 2007). When considering a motion to stay pending a JPML transfer, courts typically consider the following factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The Court should *sua sponte* issue a stay or issue an order to show cause why the actions the Stewart Plaintiffs seek to consolidate should not be stayed. Albano Plaintiffs' position is that a stay should be entered because the Stewart Plaintiffs will not suffer any prejudice. Moreover, proceeding with the motion to consolidate followed by the setting of a deadline for the filing of motions for the appointment of interim counsel pursuant to Fed. R. Civ. P. 23(g) (as requested by the Stewart Plaintiffs in *Stewart v Hain Celestial Group, Inc.,* Case No. 2:21-cv-00678, ECF No. 19-1 at 1.) could potentially deprive members of the classes of lawyers who are best able to represent them. It will also be unfair to the plaintiffs and their counsel in other cases not pending before this Court to proceed with consolidation

---

[1] Further, the Stewart Plaintiffs have no right to act on behalf of the Albano Plaintiffs and agree to sever certain defendants. Any motion to sever defendants from Albano Plaintiffs' complaint should be properly served on them and they should have an opportunity to respond.

and then appointment of any particular firm(s) as interim counsel should the JPML grant Albano Plaintiffs' motion to transfer and for coordination. All plaintiffs and their counsel should be given the opportunity to apply for interim counsel and any court to whom the JPML sends the cases has the obligation to select the lawyers who are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Finally, a stay will preserve the Court's judicial resources because the JPML is likely to grant Albano Plaintiffs' motion under Section 1407(a).

The case cited by the Stewart Plaintiffs, *Quinn v. JP Morgan Chase Bank, N.A.*, 2020 U.S. Dist. LEXIS 111202 (S.D.N.Y. June 4, 2020), is distinguishable on its facts. There, the court specifically found that because of the economic pressures created by the pandemic, the plaintiffs had an interest in seeing the cases proceed expeditiously. The same cannot be said here. Secondly, the court in *Quinn* reasoned that the JPML may not consolidate the cases. Albano Plaintiffs here, however, have cited three decisions*, supra*, showing that the JPML is likely to coordinate the 43 cases against Defendants, all which arise out of the same congressional report issued on February 4, 2021.

Dated: March 23, 2021

Respectfully submitted,

By: /s/ *Douglas McNamara*
　　Douglas J. McNamara (DJM 6069)
　　Geoffrey A. Graber (*pro hac vice* forthcoming)
　　Brian E. Johnson (*pro hac vice* forthcoming)
　　Paul M. Stephan (*pro hac vice* forthcoming)
　　**COHEN MILSTEIN SELLERS & TOLL PLLC**
　　1100 New York Ave. NW, 5th Floor
　　Washington, DC  20005
　　Telephone:  (202) 408-4600
　　Facsimile:   (202) 408-4699
　　dmcnamara@cohenmilstein.com
　　ggraber@cohenmilstein.com
　　bejohnson@cohenmilstein.com
　　pstephan@cohenmilstein.com

　　Eric A. Kafka  (EK8746)
　　**COHEN MILSTEIN SELLERS & TOLL PLLC**
　　88 Pine Street, 14th Floor
　　New York, NY 10005
　　Telephone: (212) 838-7797
　　Facsimile: (212) 838-7745
　　ekafka@cohenmilstein.com

4

        Rosemary M. Rivas (*pro hac vice* forthcoming)
        Mark Troutman (*pro hac vice* forthcoming)
        Rosanne L. Mah (*pro hac vice* forthcoming)
        **GIBBS LAW GROUP LLP**
        505 14th Street, Suite 110
        Oakland, California 94612
        Telephone: (510) 350-9700
        Facsimile: (510) 350-9701
        rmr@classlawgroup.com

        *Attorneys for Plaintiffs and the Proposed Class Members*